# BOARD OF COUNTY COMMISSIONERS OF HILLSBOROUGH COUNTY v LeBRON

Case No. 88-76

Thirteenth Judicial Circuit, Hillsborough County

June 22, 1988

### APPEARANCES OF COUNSEL

**Carol L. Hinds,** Assistant County Attorney, for appellant.
**Michael LeBron,** pro se.

### OPINION OF THE COURT

MANUEL MENENDEZ, JR., Circuit Judge.

### *ORDER ON REMAND*

Pursuant to an Order of the Second District Court of Appeal dated April 21, 1988, this Court on May 3, 1988 held an evidentiary hearing on the issue of whether court appointed counsel's attorney fees in this cause should exceed the statutory maximum set out in FS § 925.036, (1987). This court having further considered the matter concludes, on the basis of the findings set out herein, that reasonable attorney fees in this cause should exceed the maximum fee permitted in FS § 925.036

and that respondent should be awarded attorney fees in the amount of $7,860.00.

The Respondent, Michael LeBron, was appointed as counsel for the Defendant Ronald William Earle on January 30, 1986. The appointment was necessary because of a conflict of interest that existed between the Defendant and the public defender. The Defendant had been charged with armed robbery (a noncapital felony of the 1st degree punishable by life), and aggravated assault (noncapital felony of the 3rd degree). These charges had been filed on October 13th, 1983.

The case against the Defendant was concluded upon his entry of guilty pleas as to each count. As to the armed robbery the Defendant was sentenced to a 15 year term of imprisonment, 3 years of which was a minimum mandatory sentence. The Defendant was also sentenced to a concurrent 5 year term of imprisonment as to the charge of aggravated assault. This sentence also required a 3 year minimum mandatory term which likewise was imposed concurrently. The sentences imposed were a downward department from the sentencing guidelines which provided for a range from 22 to 27 years.

On September 1st, 1987, after the conclusion of the Defendant's case, Respondent filed a motion to be discharged from the case, as well as a motion for attorney's fees in excess of the statutory amount allotted in FS § 925.036, (1987). On September 4, 1987, the motion for court appointed counsel's application for attorney's fees in excess of the statutory amount was heard, and on September 9, 1987 the Court granted Respondent's motion and awarded $7,860.00 as reasonable attorney fees. This figure was arrived at by multiplying the number of hours which respondent devoted to the case (196.5) by the hourly rate set by the Chief Judge of the Circuit ($40/hr.).

The Court also awarded Mr. LeBron $539.44 as a reimbursement for court costs incurred while representing the Defendant. The Petitioner, Board of County Commissioners was ordered to pay the $3,000.00 statutory maximum amount as reasonable attorney's fees and the sum of $539.44 as reimbursement for costs reasonably incurred pending any appeal that the Hillsborough County Attorney's Office may pursue in reference to the Court's granting $4,860.00 in excess of the statutory maximum for attorney's fees.

On November 3, 1987, Petitioners filed a motion for relief to preserve its right of appeal because it had not received a copy of the Court's September 9, 1987 order. The Court granted the motion on December 11, 1987.

While on appeal, the Second District Court of Appeal of Fla., on

116

March 7, 1988, relinquished jurisdiction for the purpose of permitting the trial Court to conduct an evidentiary hearing in connection with the Respondent's motion to exceed the maximum fee. On April 7, 1988, Petitioner filed a supplemental appendix with the Court of Appeal stating that upon the reestablishment of the Trial Court's jurisdiction, the matter had been assigned to the Honorable Judge Sam Pendino, a Judge other than the original Judge who had entered the initial order. On April 23, 1988, the Second District Court of Appeal specifically relinquished jurisdiction to the undersigned until May 9, 1988, for the purpose of conducting an evidentiary hearing. The Court of Appeals directed that if following the evidentiary hearing the trial court again determined to exceed the maximum fee permitted in FS § 925.036 (1987) that determination was to be supported by specific findings consistent with *Makemson v Martin County,* 491 So.2d 1109 (Fla. 1986).

In *Makemson,* the Court held that although statutory fee maximums are not unconstitutional on their face, they were unconstitutional when applied in such a manner as to *curtail* the Court's inherent power to ensure the adequate representation of the criminally accused. The Court further went on to say that statutory maximum fees, inflexibly imposed in cases involving "unusual or extraordinary circumstances," interferes with the Defendant's sixth amendment right "to have the assistance of Counsel for his defense." Id at 1112.

However, the *Makemson* Court did not specifically define "extraordinary and unusual circumstances." The Court did find that the fact that counsel had expended 64 hours in a Court of law some 150 miles away from his home and devoted a total of 148.3 hours on the case did constitute extraordinary and unusual circumstances deserving an award of excess fees. While Respondent herein did not have to travel "some 150 miles away from his home" he did expend a considerable amount of time in representing his client. In this regard, of paramount importance is the fact that Petitioner has never questioned the reasonableness of the time expended. In fact, Petitioner has agreed that such time was in fact reasonable under the circumstances of this case.

Clearly, the term "extraordinary and unusual" is not meant to apply to the facts of a case. The particular facts do not have to be like those presented in *Makemson* i.e., a highly publicized, capital case tried, due to a change of venue, a considerable distance away from counsel's home. Rather the term should apply to those cases requiring an extraordinary and unusual amount of time on the part of competent defense counsel relative to the time for which the statutory maximum fee would provide reasonable compensation. As noted by the *Makem-*

117

*son* Court, the statutory maximum fee may be exceeded when "necessary in order to ensure that an attorney who has served the public by defending the accused is not compensated in an amount which is confiscatory of his. . . . time, energy and talents." 491 So.2d at 1115. In this particular instance, as is conceded by Petitioner, Respondent reasonably expended a great deal of time and energy in improving his client's position. He should be compensated accordingly. Respondent does not seek "market value" compensation, but only "reasonable" compensation. Petitioner concedes that the time expended by Respondent was reasonable.

Accordingly, it is Ordered and Adjudged; that the time, energy, and talent expended by Michael LeBron in defending Ronald William Earle was extraordinary and unusual entitling him to $4,860.00 over and above the $3,000.00 fee allowed in FS § 925.036 (1987).

DONE AND ORDERED this 22nd day of JUNE, 1988, at Tampa, Hillsborough County, Florida.